IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-ct-03198-BO

Lilton Williams,
    Plaintiff,

v.

Assistant Superintendent McCray,
Sergeant Oxendine, Sergeant Lowery,
Sergeant Powell, Officer J.P. Hunt, Tony
Lowery and Eric Bullard,
    Defendants.

ORDER

Before the court is the motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by James McRae, Layton Oxendine, Steve Lowry, Eric J. Powell and John P. Hunt ("movants"). [DE 35]. On August 14, 2017, United States Magistrate Judge Robert T. Numbers, II, issued a Memorandum and Recommendation ("M&R"), recommending the court deny the motion. [DE 63]. Also before the court is the motion for summary judgment [DE 57] filed by Eric Bullard and Tony Lowery[1] and plaintiff Lilton Williams' "response to motion for order on scheduling"[DE 62], which the court construes as a motion to set the case for trial.

## BACKGROUND

Plaintiff, a former state inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against McRae, Oxendine, Lowry, Powell, Hunt, Lowery and Bullard, state correctional officers at Lumberton Correctional Institution ("Lumberton CI"). Plaintiff alleges three

---

[1] Bullard and Lowery filed their motion and supporting memorandum [DE 58] on June 12, 2017, over six months after movants' motion was ripe for disposition and referred to Judge Numbers. In their memorandum, Bullard and Lowery provide no analysis of any claims and merely adopt and incorporate by reference the analysis and arguments set forth in movants' memorandum.

claims arising out events that occurred at Lumberton CI on March 24, 2015. First, plaintiff alleges Hunt, Oxendine, Bullard and Lowery used excessive force against him in violation of the Eighth Amendment of the United States Constitution without need or provocation. Compl. at 8 ¶ 29 (Count One). In particular, plaintiff alleges Hunt beat him outside the jail's vocational building without justification and later that same day, he sustained a second unjustified beating in a holding cell by Oxendine, Bullard and Lowery. Second, he alleges bystander liability against McRae, Lowry and Powell due to their failure to protect him from the use of excessive force while in the holding cell. Id. at 9 ¶ 30 (Count Two). Third, he alleges McRae, Oxendine, Lowry, Powell, Bullard and Lowery denied him medical care. Id. at 8 ¶ 30 (Count Three).

On November 4, 2016, movants moved for summary judgment, asserting (1) plaintiff failed to exhaust his administrative remedies, (2) Hunt did not use excessive force against plaintiff and (3) entitlement to qualified immunity. Subsequently, Judge Numbers entered an M&R, recommending that the court deny summary judgment on all three grounds. Judge Numbers observed that movants failed to address the excessive force claim against Oxendine and completely ignored counts two and three despite these grounds being clearly pled in the complaint and identified in the screening order under 28 U.S.C. § 1915A. See M&R at 7; see also Compl. at 1 ¶¶ J-K, at 4–5 ¶¶ 25–28; Memorandum & Order at 2–4 [DE 7]. On August 28, 2017, movants filed objections to the M&R. [D.E. 64].

## DISCUSSION

The court may "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition [of a motion for summary judgment]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." Id. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Movants first object to Judge Numbers' conclusion that the claims arising from the March 24, 2015 incident should not be dismissed for failure to exhaust because conduct by prison officials prevented plaintiff from completing the grievance process. It is undisputed that plaintiff failed to exhaust his administrative remedies. Plaintiff argues, however, that his efforts to complete the grievance process were obstructed at Lumberton CI.

An inmate need only exhaust those administrative remedies that are "available" to him. 42 U.S.C. §1997e(a). Grievance procedures become unavailable when prison officials thwart a prisoner's efforts to exhaust his remedies. See Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016); see, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (reversing a district court's dismissal of a section 1983 case because it did not consider the plaintiff's allegation that prison officials refused to provide him with the grievance forms). Under such circumstances, exhaustion is not a prerequisite for initiation of a civil rights action. See Ross, 136 S. Ct. at 1859–60. The inmate bears the burden of establishing that an administrative remedy was unavailable. Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011).

According to movants, plaintiff "admitted that he failed to submit a grievance while confined at Lumberton [CI] then he assumed he could not file a grievance related to the incident while

confined at Lanesboro Correctional Institution." Obj. at 4. In support, movants point to the checked line on the form complaint indicating plaintiff's "belie[f]" that he had no administrative remedies at Lanesboro Correctional Institution. Compl. § II [D.E. 1]. Movants' argument on this point is weak at best. As Judge Numbers noted, plaintiff submitted evidence in the form of his sworn response to the instant motion that prison officials "intentionally disregarded" his grievances, including a grievance from plaintiff that North Carolina's then-Director of Prisons, George Solomon, forwarded to Lumberton CI.[2] See M&R at 9; Pl.'s Resp. at 2, 10–11. Movants fail to address these allegations aside from labeling them as "conclusory." Obj. at 5.

At the summary judgment stage, the court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the non-movant's favor. Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). Here, plaintiff does not simply allege that prison staff ignored his grievances "without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted." McMillian v. N.C. Cent. Prison, No. 5:10-CT-3037-FL, 2013 WL 1146670, at *5 (E.D.N.C. Mar. 19, 2013). Rather, he swears that he submitted a grievance to Mr. Solomon, who in turn forwarded it to Lumberton CI, and implies he was incarcerated at Lanesboro CI at that time. Cf. Pickens v. Lewis, No. 1:15-CV-275-FDW, 2017 WL 3277121, at *4 (W.D.N.C. Aug. 1, 2017) (holding plaintiff's "unsworn, conclusory

---

[2] Plaintiff also argues that "[i]t has already been established by the United States District Court as well as the North Carolina Industrial Commission that in fact the plaintiff has made every attempt to resolve his grievance issue . . . ." Pl.'s Resp. at 2. Plaintiff is mistaken as to any prior rulings of the court. Whether plaintiff "made every attempt" to exhaust his available administrative remedies remains a disputed material fact. Also, any purported grievances submitted outside of the process established by the North Carolina Department of Public Safety ("DPS") are irrelevant to the exhaustion issue. See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing DPS's three-step procedure governing submission and review of inmate grievances); see, e.g., McMillian v. N. Carolina Cent. Prison, No. 5:10-CT-3037-FL, 2013 WL 1146670, at *5 (E.D.N.C. Mar. 19, 2013) (finding insufficient plaintiff's contention that he filed a grievance with the Federal Bureau of Investigation because it "is not part of the DPS's "Administrative Remedies Procedures").

allegation . . . unidentified 'prison staff,' at unidentified times, at unidentified [state prison] facilities" interfered with his ability to exhaust administrative remedies failed to create a genuine issue of material fact) (collecting cases). Moreover, there is no countervailing evidence before the court that affirmatively undermines plaintiff's version of events. As a result, the court concludes there is a genuine issue of material fact regarding whether the necessary administrative remedies were available to plaintiff with respect to the incident in question. Accordingly, this objection is overruled.

Next, movants object to Judge Numbers' conclusion that fact issues preclude summary judgment on the excessive force claim against Hunt. See Obj. at 5–7; M&R at 11–13. In support of this objection, movants cite to Hunt v. Grady, No. 5:12-CV-144-RJC, 2014 WL 4829067, at *3 (W.D.N.C. Sept. 29, 2014). However, that case is factually distinguishable from this action. In Hunt, the court had the benefit of a video of the incident that "blatantly contradicted" the plaintiff's sworn version of the events. Id. at *4 n.6. Here, the evidence is limited to the contradictory sworn statements of Hunt and plaintiff. See M&R at 13 (observing that "this case presents two irreconcilable versions of the events of March 24, 2015"). This distinction is determinative. Accordingly, this objection is overruled.

Movants ask for additional time for the parties to submit evidence related to the exhaustion issue in light of plaintiff's erroneous statements that he attached relevant documents as exhibits to his complaint. Obj. at 5; see Compl. § II ("Exhibit attached as of 5/18/15 pertaining to 3/25/15 incident."); Resp. at 2 (stating "[t]hese actions [i.e., grievance filings] w[ere] presented to the courts with my filing of my '1983' application as an exhibit"). Movants also seek leave to file supplemental dispositive motions to address counts two and three. See Obj. at 7 (citing Order, Blevins v. Thornton, No. 5:15-CT-3265-BO, [D.E. 44] (E.D.N.C. Aug. 4, 2017) (noting defendants' failure to

address two claims and allowing the parties to file supplemental dispositive motions to address these claims)).

## CONCLUSION

Based on the foregoing, it is ORDERED that:

(1) Movants' objections [DE 64] are OVERRULED;

(2) The court ADOPTS the M&R [DE 63];

(3) Movants' motion for summary judgment [DE 35] is DENIED;

(4) The motion for summary judgment [DE 57] filed by Eric Bullard and Tony Lowery is DENIED;

(5) Plaintiff's motion to set the case for trial [DE 62] is DENIED;

(6) The parties shall file successive dispositive motions to address the exhaustion issue, the excessive force claims against Oxendine, Bullard and Lowery and counts two and three by October 27, 2017, with responses due by November 13, 2017 and replies due by November 20, 2017; and

(7) All future submissions by defendants shall be jointly filed.

SO ORDERED, this the ∂6 day of September, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge